UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK COLLETT, #632138,

    Plaintiff,

v.

CASE NO. 2:19-CV-10426
HONORABLE NANCY G. EDMUNDS

TAYLOR POLICE DEPT., ET AL.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT IN PART AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES OF THE COMPLAINT**

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Eric Collett ("Plaintiff") alleges that his constitutional rights were violated when he was subject to excessive force during an arrest by Taylor, Michigan police officers. He names the Taylor Police Department and Officers Nicholas Wellman, Matthew Oliver, Thomas Amross, Jennifer Catner, and Steven Porta as the defendants in this action. He sues the defendants in their official and personal capacities and seeks injunctive relief, monetary damages, and other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

### II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C.

§ 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines*

v. Kerner, 404 U.S. 519, 520-21 (1972). Given this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal in part, but that service upon certain defendants is appropriate.

Plaintiff's claims against the Taylor Police Department must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that police departments, county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Edward v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases). Plaintiff's claims against the Taylor Police Department must therefore be dismissed.

Construing the complaint liberally, however, the Court finds that Plaintiff alleges sufficient facts to state claims for relief against the remaining defendants concerning the use of excessive force and his treatment at the time of his arrest. While Plaintiff may or may not ultimately prevail, he has pleaded sufficient facts to state potential claims for relief. Service of the civil rights complaint upon defendants Wellman, Oliver, Amross, Catner, and Porta is therefore appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon

3

which relief may be granted under 42 U.S.C. § 1983 as to the Taylor Police Department. Accordingly, the Court **DISMISSES WITH PREJUDICE** that defendant and any claims against that defendant.

The Court further concludes that the excessive force and related claims against the remaining defendants, Wellman, Oliver, Amross, Catner, and Porta, are not subject to summary dismissal. Accordingly, the Court **DIRECTS** Plaintiff to provide the Court with **FIVE** copies of the civil rights complaint for service upon those defendants within **30 DAYS** of the filing date of this decision. Service upon those defendants is deferred pending Plaintiff's compliance with this order.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

                                          NANCY G. EDMUNDS
                                          UNITED STATES DISTRICT JUDGE

Dated: February 19, 2019